79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylina Shun-Yun TAI, Defendant-Appellant.
 No. 94-56326.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1996.*
Decided March 14, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Tai appeals from the district court's judgment ordering revocation of her United States citizenship by canceling her certificate of naturalization. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Following a bench trial, we will not set aside the judge's findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. See Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994). We review the judge's conclusions of law de novo. Id.
 
 
 3
 "As a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected." Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir.1985). This general rule is subject to two conditions: (1) the government agent must be authorized to make the promise; and (2) the defendant must rely to her detriment. Id.
 
 
 4
 "[O]ne who relies on the act of a government agent must show that the agent acted within his authority." Saulque v. United States, 663 F.2d 968, 974 (9th Cir.1981). For an agreement to be enforceable, Tai must therefore show that Inman acted under actual authority, either expressly or impliedly given to him by a statute or regulation. Thomas v. INS, 35 F.3d 1332, 1338 (9th Cir.1995) (Thomas ). We review de novo. See id. at 1337.
 
 As General Counsel, Inman
 
 5
 provides legal advice to the Commissioner, the Deputy Commissioner, and staff; prepares legislative reports; assists in litigation; prepares briefs and other legal memoranda when necessary; directs the activities of regional counsel; oversees the professional activities of all Service attorneys assigned to field offices; and, makes recommendations on all personnel matters involving Service attorneys.
 
 
 6
 8 C.F.R. § 100.2(a)(1); see also id. § 103.1(g). The regulations of the Immigration and Naturalization Service give the General Counsel neither the actual express nor implied power to determine what cases to litigate. Compare Thomas, 35 F.3d at 1338, 1339 (United States Attorneys have statutory power to prosecute and implied power to enter into plea agreements to bind INS). Inman's ability to enter into this alleged agreement with Tai was not "an integral part of the duties assigned" to him, and thus not within his actual authority. Id. at 1339-40.
 
 
 7
 Even if Inman did have the authority, the district judge also found that no oral agreement existed. He pointed to an abundance of record evidence that supports his finding and did not clearly err. Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993) (requiring "definite and firm conviction that a mistake has been committed").
 
 
 8
 Tai's alleged inability to object to the form of the proposed findings of fact and conclusions of law pursuant to Local Rule 14.6 was harmless at best.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4